FILED
APRIL 16, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 50066

JUDGE REINHARD
MAGISTRATE JUDGE MAHONEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

RONALD WILKS,

      Plaintiff,

v.

WEYERHAEUSER COMPANY,

      Defendant.

Case No. _____

### NOTICE OF REMOVAL

  Defendant, WEYERHAEUSER COMPANY, by its attorneys, Morgan, Lewis & Bockius LLP, pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby removes this action from the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois, to the United States District Court for the Northern District of Illinois, Western Division. This action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332 based on the complete diversity of the parties and an amount in controversy in excess of $75,000. In support of removal, Weyerhaeuser states as follows:

  1.  On March 27, 2008, Weyerhaeuser was personally served with a copy of the Summons and Complaint. A copy of the Summons and Complaint is attached hereto as Exhibit A. Weyerhaeuser's Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed within thirty (30) days of the date on which Weyerhaeuser was served with the Complaint.

  2.  Plaintiff is a resident of Winnebago County, Illinois. (Complaint ¶ 1.) Therefore, Plaintiff is a citizen of the state of Illinois.

1-CH/211107.1

3.  Weyerhaeuser is a Washington corporation, with its principal place of business in Federal Way, Washington. Therefore, Weyerhaeuser is a citizen of the state of Washington.

4.  Plaintiff's Complaint pleads one cause of action: retaliation (specifically, discharge) for exercising his statutory rights under the Illinois Workers' Compensation Act, 820 ILCS 305/1, *et seq*. (Complaint ¶ 7.)

5.  In his Complaint, Plaintiff requests, among other relief, an undisclosed amount of damages for stress and emotional harm he has allegedly suffered, an undisclosed amount representing the value of his lost wages and expenses he allegedly incurred attempting to restore his lost wages, and an undisclosed amount of punitive damages. (Complaint at 2, 3.) Because Plaintiff was terminated almost two years ago, his claim for lost wages alone exceeds $75,000. Moreover, Plaintiff's counsel has consistently maintained that Plaintiff's overall damages are well in excess of $75,000.

6.  Therefore, this action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332 based on the complete diversity of the parties and an amount in controversy in excess of $75,000.

Dated: April 16, 2008

          WEYERHAEUSER COMPANY

          By: **/s/Charis A. Runnels**

          Nina G. Stillman
          Charis A. Runnels
          John W. Drury
          MORGAN, LEWIS & BOCKIUS LLP
          77 West Wacker Drive, Fifth Floor
          Chicago, IL 60601
          Telephone: (312) 324-1000
          Fax: (312) 324-1001
          Attorneys for Defendant

1-CH/211107.1

## CERTIFICATE OF SERVICE

I, Charis A. Runnels, an attorney, certify that I served the foregoing Notice of Removal by causing a true and correct copy of the same to be delivered by Federal Express to:

> Tracy L. Jones
> Law Office of Jim Black & Associates
> 202 West State Street, Suite 1000
> Rockford, IL 61101

on this 16th day of April, 2008.

/s/Charis A. Runnels

# EXHIBIT A

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
WINNEBAGO COUNTY

RONALD WILKS,                )
                             )
            Plaintiff,       )
                             )    CASE NO. 68 L 120
       vs.                   )
                             )
WEYERHAEUSER,                )
                             )
            Defendant.       )

## SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.
This summons may not be served later than 30 days after its date.

Witness  3/25 , 2008

Thomas Allen
Clerk of Court            Ruy

Plaintiff's Attorney:                    Serve Defendant at:

Tracy L. Jones                           Weyerhauser
Law Office of Jim Black & Associates     2100 23rd Avenue
202 W State, Suite 1000                  Rockford, IL 61104
Rockford, IL 61101                       T: 815 398 2100
T: 815 967 9000

Date of service _____, 2008

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
WINNEBAGO COUNTY

RONALD WILKS, )
       Plaintiff, )
vs. ) Case No. 08 L 120
WEYERHAEUSER, )
       Defendant. )

FILED
Date: 3/25/08
_____
Clerk of the Circuit Court
By _____ Deputy
Winnebago County, IL

## COMPLAINT FOR WRONGFUL TERMINATION

NOW COMES plaintiff, RONALD WILKS, by and through his attorney, JIM BLACK, complaining against Defendant, WEYERHAEUSER, and in support thereof alleges as follows:

1. At all times relevant herein Defendant, WEYERHAEUSER, was a Corporation licensed to do business in the State of Illinois and was doing business in the State of Illinois, County of Winnebago.

2. At all times relevant herein Plaintiff, RONALD WILKS, was a citizen of the State of Illinois, County of Winnebago.

### COUNT I

3. Plaintiff reasserts and alleges paragraphs 1 through paragraphs 2 as though fully set forth herein.

4. The Complaint for Wrongful Termination alleged herein occurred on or about April 25, 2006.

5. Beginning on July 17, 1989 Plaintiff, RONALD WILKS, was an employee of Defendant, WEYERHAEUSER.

6. That on or about September 1, 2005 Plaintiff, RONALD WILKS, suffered a work injury and thus had certain rights under the Illinois Workers' Compensation Act.

7. For exercising his rights under the Illinois Workers' Compensation Act Plaintiff, RONALD WILKS, was fired by Defendant, WEYERHAEUSER, in retaliation for the alleged following conduct on April 20, 2006:

    a. he filed an Application for Adjustment of Claims under the Worker's Compensation act and sought medical treatment after being injured at work on July 10, 2003;

    b. he followed the professional advice of his treating doctor who had diagnosed him with an injury and ordered additional medical treatment;

    c. he suffered a subsequent injury at work on or about September 1, 2005, reported it to his supervisor, Derek Mangseth, and requested permission to go to the company doctor.

    d. he again requested permission to go to the company doctor for his work injury on or about April 20, 2006 and indicated intention of filing a worker's compensation case.

WHEREAS, as direct and proximate result of the firing, Plaintiff, RONALD WILKS, has suffered and continues to suffer emotional harm, stress, loss of wages and expenses in attempt to restore his lost wages.

## COUNT II

8. Plaintiff reasserts and alleges paragraphs 1 through paragraphs 7 as though fully set forth herein.

9. That the above-mentioned actions by Defendant, WEYERHAEUSER, were done willfully, wantonly and intentionally.

WHEREFORE, Plaintiff prays this Court grant judgment in his favor and against Defendant for punitive damages and other lost wages plus attorney's fees and costs.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE

RON WILKS, plaintiff

BY: _____
JIM BLACK

LAW OFFICE OF JIM BLACK & ASSOCIATES
202 W. State St. - Suite 1000
Rockford, IL 61101
Ph: (815) 967-9000
Fax: (815) 986-2762