FILED
APRIL 16, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 50066

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RONALD WILKS,<br><br>                        Plaintiff,<br><br>v.<br><br>WEYERHAEUSER COMPANY,<br><br>                        Defendant. | Case No. _____ |

## ANSWER

Now comes Defendant, WEYERHAEUSER COMPANY, by its attorneys, Morgan, Lewis & Bockius LLP, and in response to the Complaint of Plaintiff, RONALD WILKS, states as follows:

**COMPLAINT ¶ 1:**

At all times relevant herein Defendant, Weyerhaeuser, was a Corporation licensed to do business in the State of Illinois and was doing business in the State of Illinois, County of Winnebago.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 1 of the Complaint. Further answering, Defendant states that it is both incorporated and has its principal place of business in the State of Washington.

**COMPLAINT ¶ 2:**

At all times relevant herein Plaintiff, Ronald Wilks, was a citizen of the State of Illinois, County of Winnebago.

**ANSWER:**

Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

## COUNT I

### COMPLAINT ¶ 3:

Plaintiff reasserts and realleges paragraphs 1 through paragraphs 2 as though fully set forth herein.

### ANSWER:

Defendant incorporates by reference its answers to paragraphs 1 and 2 of the Complaint as though fully set forth herein.

### COMPLAINT ¶ 4:

The Complaint for Wrongful Termination alleged herein occurred on or about April 25, 2006.

### ANSWER:

Defendant admits that Plaintiff purports to bring a claim alleging wrongful termination and further admits that Plaintiff's employment with Defendant was terminated on April 25, 2006. Defendant denies, however, that Plaintiff's termination was wrongful, and therefore denies the remaining allegations of Paragraph 4.

### COMPLAINT ¶ 5:

Beginning on July 17, 1989 Plaintiff, Ronald Wilks, was an employee of Defendant, Weyerhaeuser.

### ANSWER:

Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

### COMPLAINT ¶ 6:

That on or about September 1, 2005 Plaintiff, Ronald Wilks, suffered a work injury and thus had certain rights under the Illinois Workers' Compensation Act.

### ANSWER:

Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

**COMPLAINT ¶ 7:**

For exercising his rights under the Illinois Workers' Compensation Act Plaintiff, Ronald Wilks, was fired by Defendant, Weyerhaeuser, in retaliation for the alleged following conduct on April 20, 2006:

    a.    he filed an Application for Adjustment of Claims under the Workers' Compensation act and sought medical treatment after being injured at work on July 10, 2003;

    b.    he followed the professional advice of his treating doctor who had diagnosed him with an injury and ordered additional medical treatment;

    c.    he suffered a subsequent injury at work on or about September 1, 2005, reported it to his supervisor, Derek Mangseth, and requested permission to go to the company doctor;

    d.    he again requested permission to go to the company doctor for his work injury on or about April 20, 2006 and indicated intention of filing a worker's compensation case.

**ANSWER:**

Defendant denies that the decision to terminate Plaintiff's employment was based upon unlawful considerations, and specifically denies that the decision to terminate Plaintiff's employment was based upon any retaliatory motive. Plaintiff was terminated for legitimate, non-retaliatory reasons. Further answering, to the extent Paragraph 7 of the Complaint alleges that Plaintiff was terminated on April 20, 2006, Defendant denies such allegation, as Plaintiff was terminated on April 25, 2006.

Further answering, and with regard to subpart (a) of Paragraph 7 of the Complaint, Defendant admits that, in July 2003, Plaintiff filed a claim under the Workers' Compensation Act. Defendant denies, however, that such claim was based upon a work-related injury, and further denies that Plaintiff suffered any work-related injury on or about July 10, 2003.

Further answering, and with regard to subpart (b) of Paragraph 7 of the Complaint, Defendant lacks information or knowledge sufficient to form a belief as to the truth of whether Plaintiff followed the professional advice of his treating physician.

Further answering, and with regard to subpart (c) of Paragraph 7 of the Complaint, Defendant denies that Plaintiff reported a work injury to Mr. Mangseth on or about September 1, 2005, and further denies that Plaintiff requested permission to be examined by a company doctor on or about that date.

Further answering, and with regard to subpart (d) of Paragraph 7 of the Complaint, Defendant admits that Plaintiff made statements indicating that he intended to file a workers' compensation claim, but denies that such statements were made on or about April 20, 2006. Plaintiff's statements were made on or about April 10, 2006. Further answering, Defendant denies that Plaintiff requested permission to be examined by a company doctor at any point in April 2006.

## COUNT II

**COMPLAINT ¶ 8:**

Plaintiff reasserts and alleges paragraphs 1 through paragraphs 7 as though fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its answers to paragraphs 1 through 7 of the Complaint as though fully set forth herein.

## COMPLAINT ¶ 9:

That the above-mentioned actions by Defendant, Weyerhaeuser, were done willfully, wantonly and intentionally.

## ANSWER:

Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

## AFFIRMATIVE DEFENSES

As for its affirmative defenses to the allegations in the Complaint, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant terminated Plaintiff's employment for legitimate, non-retaliatory reasons unrelated to any actual or threatened claim for benefits under the Illinois Workers' Compensation Act.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.

WHEREFORE, Defendant, WEYERHAEUSER COMPANY, respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its costs and expenses, including reasonable attorney fees, incurred in defending this action.

Dated: April 16, 2008

                WEYERHAEUSER COMPANY

                By: **/s/Charis A. Runnels**

                Nina G. Stillman
                Charis A. Runnels
                John W. Drury
                MORGAN, LEWIS & BOCKIUS LLP
                77 West Wacker Drive, Fifth Floor
                Chicago, IL 60601
                Telephone: (312) 324-1000
                Fax: (312) 324-1001
                Email: nstillman@morganlewis.com
                           crunnels@morganlewis.com
                           jdrury@morganlewis.com

                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Charis A. Runnels, an attorney, certify that I served the foregoing Answer by causing a true and correct copy of the same to be delivered by Federal Express to:

> Tracy L. Jones
> Law Office of Jim Black & Associates
> 202 West State Street, Suite 1000
> Rockford, IL 61101

on this 16th day of April, 2008.

/s/Charis A. Runnels